**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MEAGAN DAY,**
    **Plaintiff,**

                          **Case No.:**

**vs.**

**TRINITY PREPARATORY SCHOOL OF**
**FLORIDA, INC.,**
    **Defendant.**

___

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MEAGAN DAY ("Plaintiff"), by and through her undersigned counsel, sues TRINITY PREPARATORY SCHOOL OF FLORIDA, INC. ("Defendant"), and states as follows:

### NATURE OF THE ACTION

1. This is two-count complaint for unequal pay pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., as amended by the Equal Pay Act, 29 U.S.C. §206(d) ("EPA") and retaliation under the EPA for complaining of such violations. Plaintiff seeks all wages and benefits due to her under the law, liquidated damages, and her attorney's fee and costs. Additionally, Plaintiff seeks compensatory and punitive damages resulting from the Defendant's retaliatory acts.

### JURISDICTION, VENUE, AND PARTIES

2. This Court has jurisdiction over Plaintiff's EPA claim pursuant to 29 U.S.C. §206(d) and 29 U.S.C. §216(b).

3. Venue is proper in the Middle District of Florida because the unlawful employment practices were committed within Seminole County, Florida, a county within the purview of the Middle District of Florida.

4. Plaintiff is, and at all times material hereto, was a resident of Seminole County, Florida.

5. Plaintiff is a female and is over the age of 18.

6. Plaintiff was, at all times material hereto, an "employee" of the Defendant as that term is defined or contemplated by the EPA, and FLSA under 29 U.S.C. § 203(e).

7. The Defendant was, at all times relevant hereto, Plaintiff's "employer" as that term is defined by 29 U.S.C. § 203(d).

8. Plaintiff was, at all times relevant to the violations of the FLSA, through the performance of her job duties, engaged in commerce as defined by 29 U.S.C. § 203(b).

9. Defendant is a Florida corporation, which operates a preparatory school at 5700 Trinity Prep Lane, Winter Park, Florida 32792.

10. Defendant is an "enterprise" as defined by the FLSA and EPA. Specifically, it is an "enterprise", for purposes of 29 U.S.C. § 203(r), because it performs business activities which are performed by a person or persons in connection with the operation of a preschool, elementary, or secondary school, or an institution of higher education, regardless of whether such school is public or private or operated for profit or not for profit.

11. Moreover, Defendant, at all times material hereto, was engaged in an industry affecting commerce and has two or more employees and annual gross sales or business of no less than $500,000.00. Thus, Defendant was engaged in interstate

commerce or in the production of goods for interstate commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

12. By reason of her employment with Defendant, at all times material hereto, Plaintiff was employed by an entity engaged in interstate commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

13. Further, Plaintiff, at all times material hereto, was engaged in interstate commerce. The work performed by Plaintiff, at all times material hereto, was directly essential to the business operations of Defendant in interstate commerce.

14. Defendant was, at all times material hereto, Plaintiff's "employer" as that term is defined by the FLSA and EPA.

15. Plaintiff has retained the law firm of Wilson McCoy, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## GENERAL ALLEGATIONS

16. Plaintiff is a female.

17. Plaintiff graduated from Ohio University with a Bachelor of Arts in Spanish and Latin American Studies in or about 2008.

18. Plaintiff obtained her Master of Arts in Spanish with a focus in Hispanic Linguistics from the University of Florida in or about 2012.

19. Plaintiff completed PhD coursework in Spanish with a focus in Hispanic Linguistics at the University of Florida between 2012 and 2015.

20. William Sheard ("Sheard") is a male.

21. Sheard is Plaintiff's husband.

22. Sheard graduated from the University of Edinburgh in or about 2003.

23. Sheard obtained his Master of Arts with a focus in French from the University of Florida in or about 2011.

24. Sheard completed PhD coursework in Linguistics at the University of Florida between 2010 and 2015.

25. Prior to being employed by Defendant, Plaintiff taught Spanish at the Garrison Forest School in Maryland from or about August 2015 through August 2016.

26. Prior to being employed by Defendant, Plaintiff taught Spanish for The Language Project in Maryland from or about November 2016 through June 2017.

27. Prior to being employed by Defendant, Sheard taught World Language classes at the Gilman School in Maryland from or about August 2015 through July 2017.

28. Prior to being employed by Defendant, Plaintiff and Sheard each taught approximately two years of foreign language.

29. In or about April 2017, Plaintiff interviewed for a teaching position with Defendant for the 2017-2018 school year.

30. Defendant offered Plaintiff the position of Spanish Teacher for the 2017-2018 school year.

31. Defendant offered Plaintiff $42,000 in base salary to perform the position of Spanish Teacher.

32. Defendant did not negotiate with Plaintiff regarding the base salary it offered to Plaintiff to perform the position of Spanish Teacher.

33. Plaintiff did not negotiate with Defendant regarding the base salary which she was offered by Defendant to perform the position of Spanish Teacher.

34. In addition to offering Plaintiff the position of Spanish Teacher, Defendant offered Plaintiff the supplemental position of Middle School Cheerleading Coach, which provided additional compensation in the amount of $1,000.

35. Plaintiff accepted both the Spanish Teacher and Middle School Cheerleading Coach positions on April 15, 2017 by signing a Teaching Contract with Defendant (see **Exhibit 'A'**).

36. Plaintiff's total compensation paid by the Defendant for the 2017-2018 school year was $43,000.

37. In or about April 2017, Sheard interviewed for a teaching position with Defendant for the 2017-2018 school year.

38. Defendant offered Sheard the position of World Language Teacher for the 2017-2018 school year.

39. Defendant offered Sheard $58,500 in base salary to perform the position of World Language Teacher.

40. Defendant did not negotiate with Sheard regarding the base salary it offered to Sheard to perform the position of World Language Teacher.

41. Sheard did not negotiate with Defendant regarding the base salary which he was offered by Defendant to perform the position of World Language Teacher.

42. In addition to offering Sheard the position of World Language Teacher, Defendant offered Sheard the supplemental position of Tennis Coach, which provided additional compensation in the amount of $1,750.

43. Sheard accepted both the World Language Teacher and Tennis Coach positions on April 16, 2017 by signing a Teaching Contract with Defendant (see **Exhibit 'B'**).[1]

44. Sheard's total compensation paid by the Defendant for the positions of World Language Teacher and Tennis Coach for the 2017-2018 school year was $60,250.

45. For the 2017-2018 school year, Defendant paid Plaintiff, a female, $16,500 less in base salary than it did Sheard, a male.

46. For the 2017-2018 school year, Defendant paid Plaintiff, a female, $750 less in coaching compensation than it did Sheard, a male.

47. In March 2018, Defendant offered Plaintiff the position of World Language Teacher for the 2018-2019 school year.

48. Defendant offered Plaintiff $42,630 in base salary to perform the position of World Language Teacher.

49. In addition to offering Plaintiff the position of World Language Teacher, Defendant offered Plaintiff the supplemental position of Middle School Cheerleading Coach, which provided additional compensation in the amount of $1,022.50.

---

[1] In June 2017, Sheard was also offered additional compensation in addition to his base salary for the performance of supplemental Overload duties. For completion of such duties, Sheard was offered additional compensation in the amount of $5,500. This amount did not impact Sheard's base pay or his supplemental compensation as Tennis Coach.

50. Plaintiff accepted both the World Language Teacher and Middle School Cheerleading Coach positions on April 9, 2018 by signing a Teaching Contract with Defendant (see **Exhibit 'C'**).

51. Plaintiff's total compensation paid by the Defendant for the 2018-2019 school year was $43,652.50.

52. In March 2018, Defendant offered Sheard the position of World Language Teacher for the 2018-2019 school year.[2]

53. Defendant offered Sheard $59,377.50 in base salary to perform the position of World Language Teacher.

54. Defendant did not negotiate with Sheard regarding the base salary it offered to Sheard to perform the position of World Language Teacher.

55. Sheard did not negotiate with Defendant regarding the base salary which he was offered by Defendant to perform the position of World Language Teacher.

56. Sheard accepted the World Language Teacher position in or about April 2018 by signing a Teaching Contract with Defendant. (see **Exhibit 'D'**).

57. For the 2018-2019 school year, Defendant paid Plaintiff, a female, $16,747.50 less in base salary than it did Sheard, a male.

58. In March 2019, Defendant offered Plaintiff the position of World Language Teacher for the 2019-2020 school year.

---

[2] Sheard did not perform the Tennis Coach and Overload positions during the 2018-2019 school year for Defendant.

59. Plaintiff was offered the base pay of $43,482.60 to perform the position and duties of World Language Teacher for the 2019-2020 school year.

60. Similarly, in March 2019, Defendant offered Sheard the position of World Language Teacher for the 2019-2020 school year.

61. Sheard was offered the base pay of $60,565.05 to perform the position and duties of World Language Teacher for the 2019-2020 school year.

62. For the 2019-2020 school year, Defendant offered Plaintiff, a female, $17,082.45 less in base pay to perform the position and duties of World Language Teacher than Sheard, a male.

63. On or about April 3, 2018, Plaintiff met with Byron Lawson, the Head of School for Defendant.

64. During her April 3, 2018 meeting with Mr. Lawson, Plaintiff asked Mr. Lawson why she had been receiving less in salary than her male comparator for the performance of a substantially similar position.

65. In response to Plaintiff's inquiry regarding pay disparity between her and a male comparator, Mr. Lawson initially indicated that he could not discuss the pay of other employees. Nevertheless, Mr. Lawson indicated the pay difference was due to the pay Plaintiff had received at her last teaching position held in Maryland.

66. Plaintiff objected to Mr. Lawson's explanation. Plaintiff's last position held in Maryland was a part-time position and neither the pay nor duties was comparable to the position she was initially hired to perform for Defendant.

67. Plaintiff further asked Mr. Lawson whether or not her Master's degree was taken into consideration when setting her salary. Mr. Lawson indicated that Plaintiff's Master's degree was factored into her salary.

68. Plaintiff suggested to Mr. Lawson that she should receive the same base pay as her male comparator. Nevertheless, Mr. Lawson did not offer an increase in Plaintiff's base pay.

69. Mr. Lawson's refusal and/or failure to increase Plaintiff's base pay to an amount which was equal to that offered to her male comparator for the 2018-2019 school year was directly related to Plaintiff's complaint and objection to such pay disparity she raised with Mr. Lawson.

70. As a result of Mr. Lawson's failure to increase Plaintiff's offered base pay for the 2018-2019 and 2019-2020 school years to an amount which was equal to that of her male comparator, Plaintiff was compelled to not sign a teaching contract with Defendant for the 2019-2020 school year.

## COUNT I
## UNEQUAL PAY IN VIOLATION OF THE EQUAL PAY ACT

71. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 70, above.

72. The performance of the roles of Spanish Teacher, which was held by Plaintiff, and World Language Teacher, which was held by Sheard, for Defendant during the 2017-2018 school year were substantially similar and required substantially equal work.

73. The performance of the roles of Spanish Teacher, which was held by Plaintiff, and World Language Teacher, which was held by Sheard, for Defendant during the 2017-2018 school year were performed at the same or substantially the same corporate establishment and location.

74. The performance of the roles of Spanish Teacher, which was held by Plaintiff, and World Language Teacher, which was held by Sheard, for Defendant during the 2017-2018 school year required substantially equal skill.

75. The performance of the roles of Spanish Teacher, which was held by Plaintiff, and World Language Teacher, which was held by Sheard, for Defendant during the 2017-2018 school year required substantially equal effort.

76. The performance of the roles of Spanish Teacher, which was held by Plaintiff, and World Language Teacher, which was held by Sheard, for Defendant during the 2017-2018 school year required substantially equal responsibility.

77. The performance of the roles of Spanish Teacher, which was held by Plaintiff, and World Language Teacher, which was held by Sheard, for Defendant during the 2017-2018 school year were performed under substantially similar working conditions.

78. The performance of the roles of Middle School Cheerleading Coach, which was held by Plaintiff, and Tennis Coach, which was held by Sheard, for Defendant during the 2017-2018 school year were substantially similar and required substantially equal work.

79. The performance of the roles of Middle School Cheerleading Coach, which was held by Plaintiff, and Tennis Coach, which was held by Sheard, for Defendant during the 2017-2018 school year were performed at the same or substantially the same corporate establishment and location.

80. The performance of the roles of Middle School Cheerleading Coach, which was held by Plaintiff, and Tennis Coach, which was held by Sheard, for Defendant during the 2017-2018 school year required substantially equal skill.

81. The performance of the roles of Middle School Cheerleading Coach, which was held by Plaintiff, and Tennis Coach, which was held by Sheard, for Defendant during the 2017-2018 school year required substantially equal effort.

82. The performance of the roles of Middle School Cheerleading Coach, which was held by Plaintiff, and Tennis Coach, which was held by Sheard, for Defendant during the 2017-2018 school year required substantially equal responsibility.

83. The performance of the roles of Middle School Cheerleading Coach, which was held by Plaintiff, and Tennis Coach, which was held by Sheard, for Defendant during the 2017-2018 school year were performed under substantially similar working conditions.

84. The performance of the roles of World Language Teacher for Defendant, which were held by Plaintiff, a female, and Sheard, a male, during the 2018-2019 school year were substantially similar and required substantially equal work.

85. The performance of the roles of World Language Teacher for Defendant, which were held by Plaintiff, a female, and Sheard, a male, during the 2018-

11

2019 school year were performed at the same or substantially the same corporate establishment and location.

86. The performance of the roles of World Language Teacher for Defendant, which were held by Plaintiff, a female, and Sheard, a male, during the 2018-2019 school year required substantially equal skill.

87. The performance of the roles of World Language Teacher for Defendant, which were held by Plaintiff, a female, and Sheard, a male, during the 2018-2019 school year required substantially equal effort.

88. The performance of the roles of World Language Teacher for Defendant, which were held by Plaintiff, a female, and Sheard, a male, during the 2018-2019 school year required substantially equal responsibility.

89. The performance of the roles of World Language Teacher for Defendant, which were held by Plaintiff, a female, and Sheard, a male, during the 2018-2019 school year were performed under substantially similar working conditions.

90. Defendant was aware of or disregarded the very possibility of an existing wage disparity between Plaintiff and her male comparator during the 2017-2018 and 2018-2019 school years but did not correct the alleged wage disparity.

91. Defendant did not establish Plaintiff's base pay for the 2017-2018 and 2018-2019 school years on a bona fide seniority system.

92. Defendant did not establish Sheard's base pay for the 2017-2018 and 2018-2019 school years on a bona fide seniority system.

93. Defendant did not establish Plaintiff's base pay for the 2017-2018 and 2018-2019 school years on a merit system.

94. Defendant did not establish Sheard's base pay for the 2017-2018 and 2018-2019 school years on a merit system

95. Defendant did not establish Plaintiff's base pay for the 2017-2018 and 2018-2019 school years on a system which measures earnings by quantity or quality of production.

96. Defendant did not establish Sheard's base pay for the 2017-2018 and 2018-2019 school years on a system which measures earnings by quantity or quality of production.

97. Defendant did not establish Plaintiff's base pay for the 2017-2018 and 2018-2019 school years on a factor other than sex.

98. Defendant did not establish Sheard's base pay for the 2017-2018 and 2018-2019 school years on a factor other than sex.

99. Defendant did not establish Plaintiff's additional compensation for coaching for the 2017-2018 school year on a bona fide seniority system.

100. Defendant did not establish Sheard's additional compensation for coaching for the 2017-2018 school year on a bona fide seniority system.

101. Defendant did not establish Plaintiff's additional compensation for coaching for the 2017-2018 school year on a merit system.

102. Defendant did not establish Sheard's additional compensation for coaching for the 2017-2018 school year on a merit system

103. Defendant did not establish Plaintiff's additional compensation for coaching for the 2017-2018 school year on a system which measures earnings by quantity or quality of production.

104. Defendant did not establish Sheard's additional compensation for coaching for the 2017-2018 school year on a system which measures earnings by quantity or quality of production.

105. Defendant did not establish Plaintiff's additional compensation for coaching for the 2017-2018 school year on a factor other than sex.

106. Defendant did not establish Sheard's additional compensation for coaching for the 2017-2018 school year on a factor other than sex.

107. Defendant willfully and repeatedly violated the EPA by paying Plaintiff, a female, lesser base pay than Sheard, a male, for performance of the same or substantially equal positions for Defendant during the 2017-2018 and 2018-2019 school years.

108. Defendant willfully and repeatedly violated the EPA by paying Plaintiff, a female, lesser base pay than Sheard, a male, for performance of the same or substantially equal coaching positions for Defendant during the 2017-2018 school year.

109. Plaintiff has suffered direct pecuniary losses and emotional harm as a result of the Defendant's above-described violations of the EPA.

WHEREFORE, Plaintiff respectfully prays:

(a) that she be awarded back pay in an amount which is the difference between the wages and benefits received by Plaintiff and those received by similarly situated male employees within the three-year period which predates the filing of this Complaint;

(b) that Plaintiff be awarded liquidated damages pursuant to 29 U.S.C. §§216(b) and 206(d)(3), with liquidated damages being the equivalent amount of the back pay and back benefits;

(c) that Plaintiff be awarded prejudgment interest;

(d) that Plaintiff be awarded her reasonable attorney's fees and costs; and

(e) that Plaintiff be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

## COUNT II
## RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

110. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 70, above.

111. Plaintiff complained of and objected to violations of the Equal Pay Act and engaged in protected activity by complaining to Mr. Lawson on April 3, 2018 of receiving pay which was lesser than her male comparator for the same or substantially equal work.

112. Plaintiff further engaged in protected activity under the Equal Pay Act by requesting Mr. Lawson to increase her base to the same amount as her male comparator.

113. Plaintiff, when engaging in the conduct described in paragraphs 113 and 114 above was acting under a reasonable, good faith belief that Defendant was violating the Equal Pay Act.

114. After Plaintiff engaged in the protected activity described above, Mr. Lawson refused or chose not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to Plaintiff's male comparator for the same years.

115. Mr. Lawson's refusal or election not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to Plaintiff's male comparator for the same years was materially adverse action to Plaintiff.

116. Due to the materially adverse action of refusing or electing not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to Plaintiff's male comparator for the same years, Plaintiff was constructively discharged when she was compelled not to accept the offered teaching position with Defendant for the 2019-2020 school year.  Such action was also materially adverse to Plaintiff.

117. Mr. Lawson's refusal or willful election not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to Plaintiff's male comparator for the same years was willful and done to punish Plaintiff for engaging protected activity.

118. Mr. Lawson's refusal or willful election not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to

Plaintiff's male comparator for the same years was intended to cause further harm to Plaintiff as a female.

119.   Mr. Lawson's refusal or willful election not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to Plaintiff's male comparator for the same years was intended to cause Plaintiff not to accept a teaching position with Defendant for the 2019-2020 school year and, therefore, result in a constructive discharge.

120.   Mr. Lawson's actions toward Plaintiff after she engaged in protected activity were causally related to her protected activity.

121.   Mr. Lawson's refusal or willful election not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to Plaintiff's male comparator for the same years may discourage a reasonable worker from engaging in the same protected activity as did Plaintiff.

122.   Mr. Lawson's refusal or willful election not to increase Plaintiff's offered wages for the 2018-2019 and 2019-2020 school years to that which was offered to Plaintiff's male comparator for the same years was unlawful retaliation under section 29 U.S.C. § 215(a)(3) of the Equal Pay Act.

WHEREFORE, Plaintiff respectfully prays:

(a) that she be awarded compensatory damages;

(b) that Plaintiff be awarded nominal damages in the event compensatory damages are not awarded;

(c) that Plaintiff be awarded punitive damages;

(d) that Plaintiff be awarded prejudgment interest;

(d) that Plaintiff be awarded her reasonable attorney's fees and costs; and

(e) that Plaintiff be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

DATED this 15th day of July, 2019.

                Respectfully submitted,

                s/ Nathan McCoy
                Nathan McCoy, Esq.
                Florida Bar No. 676101

                Paul L. Sutherland
                Florida Bar No. 1008093

                WILSON MCCOY, P.A.
                100 E. Sybelia Ave., Suite 205
                Maitland, Florida 32751
                Telephone:    (407) 803-5400
                Facsimile:     (407) 803-4617
                E:Mail nmccoy@wilsonmccoylaw.com
                E-Mail psutherland@wilsonmmccoylaw.com

                TRIAL COUNSEL for the Plaintiff